E-FILED
Thursday, 09 July, 2026  02:09:05 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

D'ANGELIS CHAMBERS,
  Petitioner,

v.

              Case No. 2:26-cv-2192-JEH

BRITTANY GREENE, Warden,
  Respondent.

### Order

Before the Court is Petitioner D'Angelis Chambers' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Court has reviewed the Petition and supporting documents pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings and finds a response is warranted.

Petitioner has also filed a Motion for Leave to Proceed in forma pauperis (Doc. 2), and Motion to Request Counsel (Doc. 3). Petitioner paid the $5.00 filing fee, so his Motion for Leave to Proceed in forma pauperis (Doc. 2) is dismissed as moot. Petitioner's motion to request counsel (Doc. 3) is denied with leave to renew. A district court has discretion to appoint counsel to any financially eligible person seeking relief under 28 U.S.C. § 2241, 2254, or 2255, if the interests of justice so require.  18 U.S.C. § 3006A(a)(2)(B); *see also Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).  When confronted with a motion to appoint counsel, the Court should ask whether the Petitioner has made efforts to obtain counsel and whether the Petitioner appears competent to litigate the case himself. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Here, Petitioner has not shown any attempts to find counsel on his own. Regardless, at this stage of the proceedings, the Court finds that the interests of justice do not require appointment of counsel.

1

**THEREFORE, IT IS ORDERED:**

1)      Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is DISMISSED as moot, and Motion to Request Counsel (Doc. 3) is DENIED with leave to renew;

2)      Respondent shall file an answer, motion, or other response to the Petition within thirty (30) days after service of this Order. Respondent should address any facts that would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's claims and otherwise fully comply with Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts;

3)      After Respondent has filed its response, Petitioner may file any traverse or reply to Respondent's response within thirty (30) days after service of Respondent's response on him.  The Court warns Petitioner that if he does not reply to the response, pursuant to 28 U.S.C. § 2248, the Court will take the factual allegations in the response to the Writ of habeas corpus as true except to the extent that the judge finds from the evidence that they are not true; and

4)      Petitioner must immediately notify the Court of any change in his mailing address. If Petitioner does not notify the Court of any change in mailing address the Court may dismiss this case with prejudice.

*It is so ordered.*

Entered on July 9, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

2